## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARY KAY INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ELIZABETH ANDERSON, an Individual** | § | |
| **d/b/a "ppluniversity-us" on www.ebay.com,** | § | |
| **and JOHN DOES 1-10,** | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| **Defendants.** | § | |

## COMPLAINT FOR DAMAGES, INJUNCTIVE, AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C. § 1114, 15 U.S.C § 1125(a), and RELATED CLAIMS

Plaintiff Mary Kay Inc. ("Mary Kay"), for its Complaint against Defendant Elizabeth Anderson ("Defendant Anderson") (d/b/a "ppluniversity-us" on the website www.eBay.com ("eBay")) and Does 1-10 ("Doe Defendants") (collectively, "Defendants") for trademark infringement in violation of the LANHAM ACT, 15 U.S.C. § 1114 and 15 U.S.C. § 1125; false advertising in violation of 15 U.S.C. § 1125(a)(1)(b); unfair competition in violation of 15 U.S.C. § 1125(a); trademark dilution in violation of 15 U.S.C. § 1125(c); injury to business reputation; dilution in violation of TEX. BUS. & COM. CODE § 16.103; trademark infringement and unfair competition under Texas common law; and tortious interference with contracts and business relations, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Mary Kay is a corporation, organized under the laws of Delaware, with its principal place of business at 16251 Dallas Parkway, Addison, Texas 75001.

2.      Defendant Anderson is an individual, residing at 158 Park Road 11 N, Gonzales,Texas 78269-5183, and may be served with process there or anywhere else she may be found.

3.      The true names, involvement, and capacities, whether individual, corporate, associated or otherwise, of Doe Defendants 1 through 10 are unknown to Mary Kay.  Therefore, Mary Kay sues the Doe Defendants by fictitious names.  Mary Kay is informed and believes that the Doe Defendants include persons and entities assisting or acting in concert with Defendant Anderson in connection with the actions complained of herein and include persons and entities that are responsible in some manner for the acts, occurrences and liability hereinafter alleged and referred to. The Doe Defendants are unknown natural persons and/or corporations/business entities that unlawfully acquired, distributed, or sold Mary Kay products. When the true names, involvement, and capacities of these parties are ascertained, Mary Kay will seek leave to amend this Complaint accordingly.

## JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.  Mary Kay's federal claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c), and its claims arising under the laws of the State of Texas are substantially related such that they form part of the same case or controversy under Article III of the United States Constitution.

5.      This Court has personal jurisdiction over Defendant Anderson because she lives in Texas, and she does business in Texas, including advertising and selling infringing products in Texas, and has directed her tortious activities toward Texas by infringing on Mary Kay's trademarks with the knowledge that her actions would likely injure Mary Kay in Texas.

## VENUE

6.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTUAL ALLEGATIONS
### Mary Kay and Its Trademarks

7.     Mary Kay is a global manufacturer and wholesale distributor of cosmetics, skin care products, toiletries, and related products.  The Mary Kay brand is recognized for its quality worldwide; its products are now sold in over thirty-five countries, including the United States.

8.     Mary Kay uses a direct-sales business model designed to ensure that consumers only receive products that meet the company's high quality standards.  Mary Kay products are available to the public exclusively through its Independent Beauty Consultants (hereafter, "Consultants").

9.     Mary Kay devotes a significant amount of time, energy, and resources to protecting the value of its brand, products, name, and reputation.  By selling its products exclusively through its Consultants, Mary Kay ensures that consumers receive one-on-one interpersonal transactions with Consultants that allow for consultation and guidance on the proper use of Mary Kay products.  Consultants agree to maintain the quality of Mary Kay products by adhering to product storage, handling, sales channel restrictions and other applicable standards, as set forth in Mary Kay's Independent Beauty Consultant Agreement (the "Consultant Obligations").  These quality controls—among others—allow Mary Kay to ensure the satisfaction of consumers and maintain the integrity and reputation of the Mary Kay brand.

10.     Mary Kay adopted the trademark MARY KAY® for its cosmetics products in 1963, and Mary Kay has continuously used the MARY KAY® mark in connection with its products since that time.   In furtherance of its intellectual property rights, Mary Kay has registered numerous trademarks with The United States Patent and Trademark Office with respect to its brand and products, including, but not limited to, U.S. Trademark Registration Nos. 817516, 1070841, 1545983, and 1842599 (the "Mary Kay Registered Trademarks").

11.     The registration for each of the Mary Kay Registered Trademarks is valid, subsisting, and in full force and effect.   Pursuant to 15 U.S.C. § 1065, the Mary Kay Registered Trademarks serve as conclusive evidence of Mary Kay's ownership of the marks and of its exclusive rights to use the marks in commerce and in connection with the sale and distribution of Mary Kay's products identified in the registrations.   *See* 15 U.S.C. § 1115(b).

12.     Mary Kay actively uses and markets the Mary Kay Registered Trademarks in commerce.

13.     Due to the quality and exclusive distribution of Mary Kay's products, and because Mary Kay is recognized as the source of high quality products, the Mary Kay Registered Trademarks have substantial value.

## Mary Kay Distribution and Quality Control

14.     Mary Kay maintains unique quality controls by conducting all sales of its products through its Consultants.

15.     Mary Kay Consultants are authorized to sell products only in certain channels and to abide by the terms of the Consultant Obligations.   Mary Kay enforces the quality controls established in its Consultant Obligations.

16.     To maintain the integrity and quality of its products, guarantee that consumers receive undamaged, genuine goods, and ensure that consumers receive products that meet their specific needs, Mary Kay Consultants agree to follow quality controls for the handling, storage and sale of Mary Kay products.

17.     In order to ensure that consumers receive the freshest possible product, each product is imprinted with a product coding system that indicates the date on which the product is manufactured.  Most Mary Kay products are produced to have a shelf life of three years from the date of manufacture, which is the standard for the cosmetic industry.  For products with a shelf life of less than three years, the expiration date will be clearly indicated on the product packaging.  Mary Kay instructs its consultants to rotate their inventory and to check the manufacture date for expired or soon-to-be expired products.

18.     As an additional measure to ensure that consumers receive products of the quality they have come to expect from the Mary Kay brand, the Consultant Obligations require that Consultants agree not to offer or facilitate the offering of Mary Kay products for sale on the Internet, including e-commerce websites such as eBay and www.Amazon.com.

19.      Mary Kay also provides consumers who purchase Mary Kay products through authorized channels of distribution a complete money-back satisfaction guarantee (the "Satisfaction Guarantee").  The Satisfaction Guarantee reads as follows:

> Mary Kay Inc. stands behind its products sold by Independent Beauty Consultants.  If for any reason you are not completely satisfied with any Mary Kay® product, it will be replaced without charge, exchanged or the full purchase price refunded following its return to your authorized Mary Kay Independent Beauty Consultant or, if she is no longer active, to the Company with proof of purchase.

20.     This Satisfaction Guarantee does not apply to products purchased outside of authorized channels (*i.e.* purchased from anyone other than a Consultant).

### Defendants' Sale of Mary Kay Products on the Internet

21.     Defendants are not authorized to sell Mary Kay products.

22.     Upon information and belief, sometime prior to December 2016, one or more of the Defendants created the storefront on eBay with the name "ppluniversity-us" through which Defendants have sold and are selling Mary Kay products.

23.     On or about December 29, 2016, Mary Kay, through counsel, sent a cease and desist letter through eBay's messaging service to the "ppluniversity-us" storefront. Mary Kay received a reply message which read, "I refuse to proceed," and Defendants failed to remove Mary Kay products from their "ppluniversity-us" storefront.

24.     In order to compile information regarding the individual(s) operating the "ppluniversity-us" eBay Storefront, a product was purchased from the storefront on or about January 10, 2017.

25.     Based on the return address listed on the package used to ship the product purchased from the "ppluniversity-us" storefront, and other payment information obtained through the transaction, Mary Kay identified Defendant Anderson as participating in the unauthorized sale of Mary Kay products online.

26.     On or about January 17, 2017, Mary Kay, through counsel, sent another cease and desist letter to Defendant Anderson at her home address.

27.     On or about January 20, 2017, Defendant Anderson replied by email, disputing that her unauthorized sales of Mary Kay products infringed on the Mary Kay Registered Trademarks or interfered with Mary Kay's contracts with its Consultants.

28.     In June 2017, additional products were purchased from the "ppluniversity-us" storefront.

29.     Based on Mary Kay's product coding system, the products ordered were all manufactured in either 2002 or 2003, and were well beyond the three year shelf life of Mary Kay products.

30.     Defendants continue to sell Mary Kay products through their "ppluniversity-us" eBay storefront.

**Defendants' Illegal Sale of Mary Kay Products**

31.     Defendants, without authorization from Mary Kay, have sold—and are currently selling—products bearing the Mary Kay Registered Trademarks on eBay and, on information and belief, through other channels.

32.     Defendants are selling Mary Kay products without authorization and in violation of Mary Kay's intellectual property rights under federal and Texas law.  Defendants are not Mary Kay Consultants.

33.     Upon information and belief, Defendants acquired and continue to acquire Mary Kay products from an unknown number of Mary Kay Consultants with the purpose of reselling these products on the Internet.

34.     The products sold by Defendants bearing the Mary Kay Registered Trademarks are not subject to Mary Kay's quality control procedures and do not come with the Satisfaction Guarantee, both of which are essential elements of authentic Mary Kay products.

35.     Through their unauthorized use of the Mary Kay Registered Trademarks, Defendants have misled—and continue to mislead—consumers into believing that they are purchasing products with the same quality controls and consumer benefits as Mary Kay products.

In reality, however, the products sold by Defendants are materially different from genuine and authentic Mary Kay products.

**Mary Kay Has Suffered Substantial Harm**

36.     As a proximate result of Defendants' actions, Mary Kay has suffered, and will continue to suffer, irreparable harm to its quality control procedures, the Mary Kay Registered Trademarks, and its goodwill.

37.     Defendants' conduct was knowing, intentional, willful, malicious, wanton, and contrary to law.

38.     Mary Kay is entitled to injunctive relief because Defendants will continue to unlawfully sell Mary Kay products, including by selling Mary Kay products outside regular distribution channels, thus compromising Mary Kay's quality controls, and by selling products with the Mary Kay Registered Trademarks that are materially different than those offered for sale by Mary Kay.  Defendants' ongoing illegal conduct has caused, and will continue to cause, irreparable harm to Mary Kay's goodwill, and has caused, and will continue to cause, Mary Kay and its Consultants to lose business.

**<u>FIRST CAUSE OF ACTION</u>**
**Trademark Infringement**
**15 U.S.C. §§ 1114 and 1125(a)(1)(a)**

39.     Mary Kay re-alleges the allegations set forth in paragraphs 1-38 above.

40.     The Mary Kay Registered Trademarks are valid and subsisting trademarks in full force and effect.

41.     Defendants willfully and knowingly used the Mary Kay Registered Trademarks in commerce with the sale of products without the consent of Mary Kay.

42.     Defendants' use of the Mary Kay Registered Trademarks in connection with their unauthorized sale of products is likely to cause consumer confusion, cause mistake, or deceive consumers because it suggests that the products offered for sale by Defendants are the same as the products legitimately bearing the Mary Kay Registered Trademarks, and originate from, or are sponsored by, authorized by, approved by or otherwise connected with Mary Kay.

43.     Defendants' unauthorized use of the Mary Kay Registered Trademarks has infringed upon and materially damaged the value of the Mary Kay Registered Trademarks.

44.     As a proximate result of Defendants' actions, Mary Kay has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits.

45.     Mary Kay has no adequate remedy at law for Defendants' infringement.  Unless Defendants are permanently enjoined, Mary Kay will suffer irreparable harm.

46.     As a proximate result of Defendants' actions, Mary Kay has also suffered damages including, but not limited to, loss of sales for products and a loss of goodwill associated with its products.

47.     Mary Kay is entitled to recover its damages caused by Defendants' infringement of the Mary Kay Registered Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

48.     Because Defendants have willfully, intentionally, maliciously, and in bad faith infringed on the Mary Kay Registered Trademarks, this case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION
### False Advertising
### 15 U.S.C. § 1125(a)(1)(b)

49.     Mary Kay re-alleges the allegations set forth in paragraphs 1-38 above.

50.     The Mary Kay Registered Trademarks are valid and subsisting trademarks in full force and effect.

51.     In their listings on eBay, Defendants have willfully and knowingly used the Mary Kay Registered Trademarks in commerce with the sale and advertising of products without the consent of Mary Kay.

52.     The use of the Mary Kay Registered Trademarks in connection with the unauthorized sale and advertising of products by Defendants is likely to cause consumer confusion, cause mistake, or deceive consumers because it suggests that the products offered for sale by Defendants are genuine and authentic products, and originate from, or are sponsored by, authorized by, approved by or otherwise connected with Mary Kay.

53.     Defendants' unauthorized and deceptive use of the Mary Kay Registered Trademarks in their eBay listings is material and likely to influence consumers to purchase the products, as consumers are likely to believe that products advertised by Defendants using the Mary Kay Registered Trademarks are genuine Mary Kay products that come with the quality controls and other benefits associated with authentic Mary Kay products.

54.     As a result, Mary Kay has suffered damages including, but not limited to, loss of sales for products and a loss of goodwill associated with its products.

55.     Because Defendants have willfully, intentionally, maliciously, and in bad faith infringed on the Mary Kay Registered Trademarks, this case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
### Unfair Competition
### 15 U.S.C. § 1125(a)

56.     Mary Kay re-alleges the allegations set forth in paragraphs 1-38 above.

57.     The Mary Kay Registered Trademarks are valid and subsisting trademarks in full force and effect.

58.     Defendants willfully and knowingly used the Mary Kay Registered Trademarks in commerce through the sale and advertising of products without the consent of Mary Kay.

59.     Defendants' use of the Mary Kay Registered Trademarks in connection with their unauthorized sale and advertising of products is likely to cause consumer confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship, or approval of Mary Kay's products because it suggests that the products offered for sale by Defendants originate from, or are sponsored by, authorized by, approved by or otherwise connected with Mary Kay.

60.     Defendants' unauthorized sale of products bearing the Mary Kay Registered Trademarks, and unauthorized use of the Mary Kay Registered Trademarks in advertising, have materially damaged the value of the Mary Kay Registered Trademarks and caused significant damage to Mary Kay's business relations.

61.     Defendants' unauthorized sale of products bearing the Mary Kay Registered Trademarks, and unauthorized use of the Mary Kay Registered Trademarks in advertising, infringe upon the Mary Kay Registered Trademarks.

62.     As a result, Mary Kay has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

63.     Because Defendants have willfully, intentionally, maliciously, and in bad faith infringed on the Mary Kay Registered Trademarks, this case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION
### Trademark Dilution
### 15 U.S.C. § 1125(c)

64.     Mary Kay re-alleges the allegations set forth in paragraphs 1-38 above.

65.     The Mary Kay Registered Trademarks are valid and subsisting trademarks in full force and effect.

66.     Mary Kay is the owner of the MARY KAY® trademark and has expended substantial time, effort, money, and resources advertising and promoting its products and services under the MARY KAY® trademark.  As such, the MARY KAY® trademark is the means by which Mary Kay products and services are distinguished from others in the marketplace.

67.     The MARY KAY® trademark is inherently distinctive, and as a result of Mary Kay's long, continuous, and exclusive use of the MARY KAY® trademark, it has acquired a secondary meaning associated by purchasers and the public with Mary Kay's products and services.

68.     Mary Kay is widely recognized by the general consuming public as the designated source of goods bearing the MARY KAY® trademark.

69.     After the MARY KAY® trademark became famous, Defendants willfully used the MARY KAY® trademark in connection with the unauthorized and illegal sale of products. Because the products sold by Defendants are not, in fact, genuine and authentic Mary Kay products, Defendants' activities have caused and will continue to cause dilution of the distinctive

quality of the MARY KAY® trademark by lessening the public's ability to identify and distinguish genuine Mary Kay products.

70.     Defendants' unlawful actions have harmed the reputation and goodwill associated with the MARY KAY® trademark, and Mary Kay has suffered and will continue to suffer immediate and irreparable injury.  Further, Defendants' actions have harmed and will continue to harm consumers interested in purchasing genuine Mary Kay products.

71.     Mary Kay has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

72.     Because Defendants have willfully, intentionally, maliciously, and in bad faith infringed on the MARY KAY® trademark, this case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### FIFTH CAUSE OF ACTION
**Injury to Business Reputation; Dilution**
**Tex. Bus. & Com. Code § 16.103**

73.     Mary Kay re-alleges the allegations set forth in paragraphs 1-38 above.

74.     This claim arises under the laws of the State of Texas.

75.     The Mary Kay Registered Trademarks are valid and subsisting trademarks in full force and effect.

76.     Mary Kay is the owner of the MARY KAY® trademark and has expended substantial time, effort, money, and resources advertising and promoting its products and services under the MARY KAY® trademark.  As such, the MARY KAY® trademark is the means by which Mary Kay products and services are distinguished from others in the marketplace throughout the United States, including Texas.

77.    The MARY KAY® trademark is inherently distinctive, and as a result of Mary Kay's long, continuous, and exclusive use of the MARY KAY® trademark, it has acquired a secondary meaning associated by purchasers and the public with Mary Kay's products and services throughout the United States, including Texas.

78.    Mary Kay is widely recognized by the general consuming public throughout the United States, including Texas, as the designated source of goods bearing the MARY KAY® trademark.

79.    After the MARY KAY® trademark became famous in Texas, Defendants willfully used the MARY KAY® trademark in connection with the unauthorized and illegal sale of products.  Because the products sold by Defendants are not, in fact, genuine and authentic Mary Kay products, Defendants' activities have caused and will continue to cause dilution of the distinctive quality of the MARY KAY® trademark by lessening the public's ability to identify and distinguish genuine Mary Kay products.

80.    Defendants' unlawful actions have harmed the reputation and goodwill associated with the MARY KAY® trademark, and Mary Kay has suffered and will continue to suffer immediate and irreparable injury.  Further, Defendants' actions have harmed and will continue to harm consumers interested in purchasing genuine Mary Kay products.

81.    Mary Kay has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

82.    Because Defendants have willfully, intentionally, maliciously, and in bad faith infringed on the MARY KAY® trademark, this case qualifies for an award three times the amount of profits and damages and an award of attorneys' fees pursuant to Tex. Bus. & Com. Code §§ 16.103(c) and 16.104(c).

## SIXTH CAUSE OF ACTION
### Texas Common Law Trademark Infringement

83.     Mary Kay re-alleges the allegations set forth in paragraphs 1-38 above.

84.     This claim arises under the laws of the State of Texas.

85.     The Mary Kay Registered Trademarks are valid and subsisting trademarks in full force and effect.

86.     Mary Kay is the owner of the Mary Kay Registered Trademarks, which are distinctive marks and widely recognized by the consuming public.  Products bearing the Mary Kay Registered Trademarks are sold by Mary Kay's Consultants throughout the United States, including Texas.

87.     Mary Kay is widely recognized as the designated source of goods bearing the Mary Kay Registered Trademarks.

88.     Defendants' knowing and willful use of the Mary Kay Registered Trademarks in connection with the unauthorized and illegal sale of products without Mary Kay's consent infringes upon the Mary Kay Registered Trademarks.  This infringement includes selling products bearing the Mary Kay Registered Trademarks that are materially different from genuine and authentic Mary Kay products because, among other reasons, the products sold by Defendants are not eligible for the Satisfaction Guarantee and are not subject to Mary Kay's other quality control procedures.

89.     The products sold by Defendants bearing the Mary Kay Registered Trademarks are not, in fact, genuine and authentic Mary Kay products.

90.     The use of the Mary Kay Registered Trademarks in connection with the unauthorized sale of products by Defendants is likely to cause consumer confusion, cause

mistake, or deceive consumers because it suggests that the products offered for sale by Defendants are the same as the products legitimately bearing the Mary Kay Registered Trademarks and endorsed by Mary Kay, when in fact, they are not.

91.     As a result of Defendants' unlawful actions, the reputation and the goodwill associated with the Mary Kay Registered Trademarks have been harmed and Mary Kay has suffered immediate and irreparable injury.

92.     As a result, Mary Kay has suffered damages and Mary Kay is entitled to recover its damages, including, but not limited to, loss of sales for products and a loss of goodwill associated with its trademarks and products.

## SEVENTH CAUSE OF ACTION
### Texas Common Law Unfair Competition

93.     Mary Kay re-alleges the allegations set forth in paragraphs 1-38 above.

94.     This claim arises under the laws of the State of Texas.

95.     The Mary Kay Registered Trademarks are valid and subsisting trademarks in full force and effect.

96.     Defendants willfully and knowingly used the Mary Kay Registered Trademarks in commerce through the sale and advertising of products without the consent of Mary Kay throughout the United States, including Texas.

97.     Defendants' use of the Mary Kay Registered Trademarks in connection with their unauthorized sale and advertising of products is likely to cause consumer confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship, or approval of Mary Kay's products because it suggests

that the products offered for sale by Defendants originate from, or are sponsored by, authorized by, approved by or otherwise connected with Mary Kay.

98.     Defendants' unauthorized sale of products bearing the Mary Kay Registered Trademarks, and unauthorized use of the Mary Kay Registered Trademarks in advertising, have materially damaged the value of the Mary Kay Registered Trademarks and caused significant damage to Mary Kay's business relations.

99.     Defendants' unauthorized sale of products bearing the Mary Kay Registered Trademarks, and unauthorized use of the Mary Kay Registered Trademarks in advertising, infringe upon the Mary Kay Registered Trademarks.

100.    As a result, Mary Kay has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

101.    Defendants' actions have caused injury to Mary Kay and Mary Kay is entitled to damages caused thereby, including punitive damages as a result of Defendants' malicious and willful acts.

## EIGHTH CAUSE OF ACTION
### Tortious Interference With Contracts and Business Relationships

102.    Mary Kay re-alleges the allegations set forth in paragraphs 1-38 above.

103.    This claim arises under the laws of the State of Texas.

104.    Mary Kay has contracts and business relationships with its Consultants, who sell Mary Kay products.

105.    Defendants had knowledge of Mary Kay's contracts and business relationships with its Consultants.

106.     Defendants knew Mary Kay had agreements and business relationships with these Consultants and that Mary Kay's agreements with its Consultants prohibited online sales and sales to resellers.  Additionally, Mary Kay informed Defendants, via cease-and-desist letters dated December 29, 2016, and January 17, 2017, that its contracts with Consultants prohibit the sale of Mary Kay products on the Internet and prohibit sales to resellers.

107.     Defendants intentionally interfered with the contracts and business relationships between Mary Kay and its Consultants by purchasing products from Consultants for the purpose of reselling products on the Internet in violation of the Consultants' contracts with Mary Kay.

108.     On information and belief, Defendants knew Mary Kay had contracts and business relationships with its Consultants and acted with a wrongful purpose by encouraging Mary Kay Consultants to breach their contractual agreements by selling Mary Kay products to the Defendants, who intended to resell the products through unauthorized channels.

109.     Defendants' actions have caused injury to Mary Kay and Mary Kay is entitled to damages caused thereby, including punitive damages as a result of Defendants' malicious and willful acts.

## **CONDITIONS PRECEDENT**

110.     All conditions precedent to Plaintiff's claims for relief, if any, have occurred or have been performed.

## REQUEST FOR ATTORNEYS' FEES

111.    Plaintiff is entitled to recover its attorneys' fees and costs for this action, pursuant to the federal and state law identified herein, and Plaintiff hereby seeks such recovery from Defendants of all its reasonable and necessary attorneys' fees and costs for prosecuting this action and obtaining the relief requested herein.

## JURY DEMAND

112.    Plaintiff demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mary Kay prays for relief and judgment as follows:

A.      Judgment in favor of Mary Kay and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.      That a permanent injunction be issued enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

i)      Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Mary Kay products,

ii)     Prohibiting the Enjoined Parties from using any of the Mary Kay Registered Trademarks in any manner, including advertising on the Internet,

iii)    Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Mary Kay products as well as any products bearing any of the Mary Kay Registered Trademarks,

iv)    Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Mary Kay Registered Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks,

v)    Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of Mary Kay's products, or any of the Mary Kay Registered Trademarks,

vi)    Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the Mary Kay Registered Trademarks which associate Mary Kay's products or the Mary Kay Registered Trademarks with the Enjoined Parties or the Enjoined Parties' website, and

vii)    Requiring the Enjoined Parties to take all action to remove the Mary Kay Registered Trademarks from the Internet, including from the website www.eBay.com;

C.    An award of attorneys' fees, costs, and expenses; and

D.    Such other and further relief as the Court deems just, equitable and proper.

DATE: July 17, 2017     Respectfully submitted,

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 – Telephone
(214) 981-3829 – Facsimile


Whitney C. Gibson
Ohio Bar No. 0077961
wcgibson@vorys.com
Adam C. Sherman
Ohio Bar No. 0076850
acsherman@vorys.com
**VORYS, SATER, SEYMOUR AND PEASE LLP**
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45202
(513) 723-4000 - Telephone
(513) 852-8468 - Facsimile


Tyler B. Pensyl
Ohio Bar No. 0080649
tbpensyl@vorys.com
**VORYS, SATER, SEYMOUR AND PEASE LLP**
52 East Gay Street
Columbus, Ohio 43216
(614) 464-6334 - Telephone
(614) 719-5072 – Facsimile


**ATTORNEYS FOR PLAINTIFF**
**MARY KAY INC.**